## LACY v. BARRETT, *Appellant.*

1. **Special Judge:** PROCEEDINGS FOR HIS ELECTION. Under the statute in relation to the election of a special judge in cases where the regular judge is disqualified to sit, (and in certain other cases,) from the time that the disqualification is ascertained all the judicial powers of the regular judge cease so far as that case is concerned. The statute imposes upon the clerk the duty of holding the election, and the judge has no power to make any order in respect thereto. Hence, where the person elected was known to the judge to have been of counsel in the case, and for this reason he set aside the election and caused a new one to be held; *Held,* that this was error.

2. —— : ——. It is for the parties to a cause, and not the judge, to object to a person elected special judge on the ground of disqualification; and when the objection is made it must be to the clerk. The duty of holding a new election rests upon him.

3. —— : PRACTICE. Where a case tried before a special judge, on account of disqualification of the regular judge, is remanded for a new trial, if the regular judge has been succeeded in office by one who is not disqualified, the new trial will be had before him as if no special judge had ever been elected.

*Appeal from Lewis Circuit Court.*—The case was tried before GEORGE ELLISON, ESQ., sitting as Special Judge.

REVERSED.

*N. Rollins* for appellant.

HENRY, J.—This was a proceeding by *scire facias*, in the circuit court of Lewis county, to revive a judgment rendered by that court in favor of plaintiff against defendant, on the 15th day of September, 1868. At the March term, 1879, of said court, it appearing that Jno. C. Anderson, judge of the Lewis circuit court, had been an attorney in the cause, and the attorneys for the respective parties being unable to agree upon a member of the bar to sit as special judge to try it, the court made an order of record for an election by the bar of a special judge, whereupon an election was held, which resulted in the choice of Jas. G. Blair, a member of that bar, as such special judge. Judge Anderson thereupon stated that Mr. Blair had been an attorney in the cause, and was, therefore, disqualified to act as special judge, and of his own motion, declared the election void, and directed another to be held. To this defendant objected. Another election was then held and George Ellison, Esq., was selected, and thereupon defendant filed his motion to suspend all further proceedings in the cause, and restore it to the place upon the docket which it occupied and the condition in which it stood before the order for the election of a special judge was made, on the ground that Mr. Blair was duly elected, and had not declined to serve, or been objected to by either party, and that Ellison was not duly elected; said motion was overruled. The cause was then tried before Mr. Ellison as special judge, and resulted in a judgment in favor of plaintiff reviving said judgment. The defendant filed his motion in arrest, alleging that the special judge who tried the cause had no jurisdiction, not having been legally elected as such special judge. This motion was overruled, and defendant has brought the cause here by appeal.

The statement of the case indicates the only question presented for determination. By the act of the general

Lacy v. Barrett.

assembly of March 19th, 1877, it was provided that: " Whenever the judge, from any cause, shall be unable to hold any term, or part of term of court, and shall fail to procure another judge to hold said term or part of term, or if the judge is interested, or related to, or shall have been counsel for either party, or when the judge, if in attendance, for any reason cannot properly preside in any cause or causes pending in such court, and the parties to such cause or causes fail to agree to select one of the attorneys of the court to preside and hold court for the trial of such cause or causes, the attorneys of the court who are present, but not less in number than five, may elect one of its members then in attendance, having the qualification of a circuit judge, to hold the court for the occasion." Section 3 provides that: " The election shall be held by the clerk of the court, who shall, in case of a tie, cast the deciding vote." By section 4, if the person first elected to act as special judge fails or refuses to act, or cannot properly preside, another election shall be held in like manner as provided in the next preceding section, from time to time, until a suitable person is chosen who can and will preside. By the 5th section it is provided that: "The person thus selected shall, during the period he shall act, have all the powers and be liable to all the responsibilities of the circuit judge." These are all the provisions of the statute which throw any light on the question here involved.

Judge Anderson, it seems, did not wait for an objection to his presiding at the trial of the cause, but, when it was called, announced his disqualification, and made the order for the election of a special judge. There is no provision of the law requiring any such order, but when the disqualification of the judge is ascertained by his own admission or otherwise, by the terms of the act, the members of the bar may at once, without any order of court, elect a special judge for the trial of the cause. When, therefore, he announced his disqualification, and the clerk held

the election as required by the statute, Judge Anderson, as to that proceeding, and the cause which a special judge was to be elected to try, was no longer the judge of that court.   When he announced his disqualification to preside at the trial, he abdicated his office, as to that cause, and had no more authority to direct and control the election, or correct any errors which might occur in its progress than any other member of the bar, or citizen of the county.

If Mr. Blair had been of counsel, in the cause, and either party had, for that reason, been unwilling that he should preside at the trial, the objection should have been made to the clerk, whose duty it was to hold the election, and, under section 4, another election could have been held, and so, from time to time, until a suitable person was chosen who could and would have presided.   If the circuit judge could set aside the election, or in any manner control it, the result would be that he could set aside one election after another, until the bar selected the man of his choice. The law gives him no vote in such election, but, under his construction of its provisions, a power more than equal to all the votes of the bar.   We do not presume that any circuit judge, certainly are not to be understood as intimating that Judge Anderson would have so abused a power clearly conferred, much less be influenced by improper motives in the exercise of one of doubtful existence.   Was he to determine whether Mr. Blair had been of counsel or was otherwise disqualified?   He could not so determine as judge, because, as to the cause, and that election, he was not a judge.   And even if Mr. Blair had been of counsel, the parties might, in the first instance, have agreed that he should preside at the trial of the cause, and after his election could have waived the objection, as they might have done in the case of Judge Anderson himself.   It was for them, and not the judge, to raise the question.   If the party against whom Mr. Blair had been of counsel, did not learn that fact until after he had been elected and qualified,

he could then have raised the objection, and, if the fact so appeared, another election could have been held.

For the foregoing reasons, the judgment is reversed and the cause remanded, and the present judge of the circuit court of Lewis county, the successor of Judge Anderson, will preside at the trial, as if no special judge had ever been elected. ᐧ SHERWOOD, C. J., and HOUGH, J., concur. NORTON and RAY, JJ., dissent.