JAMES DAWSON, Respondent, v. EVA DAWSON,
Appellant.

St. Louis Court of Appeals, February 28, 1888.

1. COURT RECORDS—JUDICIAL NOTICE.—An appellate court will take
   judicial cognizance of its own record in the same cause on a
   former appeal.

2. JUDGE, DISQUALIFICATION OF—HOW CONTINUED.—When the dis-
   qualification of the regular judge to try a cause is once made to
   appear on the record, his judicial power becomes null as to any
   order or proceeding that might thereafter pertain to the same
   cause; including the execution of a mandate directed to his court
   from a superior judicial authority.

3. SPECIAL JUDGE—DURATION OF AUTHORITY.—A special judge duly
   appointed to try a cause in place of the disqualified regular judge,
   will continue in authority as to all matters arising in that cause
   until its final determination, unless superseded by another special
   or regular judge, not under disqualification.

APPEAL from the St. Louis County Circuit Court,
HON. WILLIAM W. EDWARDS, Judge.

*Reversed and remanded, with directions.*

ZACH. J. MITCHELL, for the appellant: As authori-
ties we submit: *Voulair v. Voulair*, 45 Mo. 608,
wherein the Supreme Court distinctly declares: "It is
the duty of the judge who tries a case to go through
it. And it (the motion) was one of those matters that
peculiarly belonged to the original case itself;" and
"the one who tried the case should have heard and
passed upon the motion." See also *State v. Hayes*, 88
Mo. 346. An allowance *pendente lite* must logically and
necessarily follow a case, and continue in force from the
granting thereof to the final decree of judgment therein.

ALEXANDER MARTIN, for the respondent: The
ground upon which the lower court granted an appeal

from its decision is difficult to perceive. The decree it entered was the decree ordered by the appellate court. In reviewing a decree entered in obedience to a mandate of the appellate court, with special directions, the appellate court, when the record comes up again, will consider the question only as to whether the mandate has been obeyed. It will not review its own judgment. Indeed, the term at which it was rendered being lapsed, it is without power to do so. *Gamble v. Gibson*, 23 Mo. App. 531. The appellant's claim for more alimony has no merits. *Miller v. Miller*, 12 Mo. App. 593 ; *State ex rel. v. St. Louis Court of Appeals*, 88 Mo. 135.

Lewis, P. J., delivered the opinion of the court.

This cause appears for the second time in this court on appeal from the circuit court of St. Louis county. Our former treatment of the cause is reported in 23 Mo. App. 169. We then reversed the circuit court's dismissal of the plaintiff's bill, and remanded the cause with specific directions " to enter a decree for the plaintiff dissolving the bonds of matrimony between him and the defendant, the plaintiff first paying to the defendant, or into court for her use, all arrearages, if any, in the alimony heretofore awarded to her by the trial court." It was further ordered "that the trial court make such orders touching the care, control, and custody of the infant child of the parties, and alimony, if any, for its sustenance, as the interests of said infant may demand."

We must take judicial cognizance of our own record in the same cause on a former appeal. This recites that, "it appearing to the court from the affidavit of defendant in her application for a change of venue, that this cause cannot be tried by his honor, W. W. Edwards, judge of this court, and of this the nineteenth judicial circuit, said parties, upon the suggestion of said judge, have agreed that the Hon. Elijah Robinson, an enrolled member of this bar, may act as special judge in said cause." The cause was regularly tried and determined before Judge Robinson, and it was the appeal from his

judgment that was adjudicated by this court. Upon the return of the case to the circuit court, the mandate was exhibited in open court to Hon. W. W. Edwards, then presiding, who thereupon caused to be entered of record certain orders purporting to be in compliance with the terms of the mandate. The defendant objected at the time to the sitting, or the making of any orders in the cause, by Judge Edwards, 'on the ground of his incompetency to act in the matter, and afterwards renewed her objections in a motion for a rehearing. The overruling of these objections is here complained of for error.

Were the question thus presented one of first impression, we might attach some weight to the consideration that, as to a part, at least, of the directions contained in the mandate, the acts to be done were so apparently ministerial, rather than judicial, that if the directions were exactly obeyed by the sitting court, no prejudicial error could arise from mere personal objections to the judge appearing to be clothed with a general authority to speak for the court. But we can indulge no speculations of this character. The rulings of our Supreme Court are the law for us, in every case to which they apply. The record entries above quoted show an admission, and virtually an announcement by Judge Edwards, of his disqualification to preside at the trial of this cause. He thus placed himself in the same category with the learned judge of whom the Supreme Court said, in *Lacey v. Barrett*, 75 Mo. 469: "When he announced his disqualification to preside at the trial, he abdicated his office, as to that cause, and had no more authority to direct and control the election, or correct any errors which might occur in its progress, than any other member of the bar, or citizen of the county." This, if it means anything, means that the disqualification, when once ascertained, extends through the whole progress of the cause, and to every order or ruling that might be made therein. It is, of course, immaterial whether the special judge becomes such by agreement of the parties,

by a vote of the members of the bar, or by any other means which the statutes provide for. The perpetual disability of the regular judge, as to the particular cause in hand, remains the same, in any event.

In *State v. Hayes*, 88 Mo. 344, the defendant had applied in the St. Louis criminal court for a change of venue, whereupon the Hon. Charles G. Burton, judge of the twenty-fifth judicial circuit, was called in to preside at the trial. The case went to the Supreme Court, where the judgment was reversed and the cause remanded. On a second appeal, Judge Sherwood remarked : "The defendant, after the judgment of reversal and the cause was sent back for a new trial, withdrew his application for a change of venue, and subsequently filed his motion to set aside and vacate the order made by Judge Laughlin, appointing Judge Burton to hear and determine the defendant's application for a change of venue, and to try and determine the cause. This motion was denied, and properly denied. Section 1881, Revised Statutes, 1879, fully authorized the making of the order which the defendant sought to have set aside. Judge Burton, by that order, being clothed with jurisdiction, retains that jurisdiction until the final determination of the cause." It is evidently not to be understood from this, however, that in no possible event could the power held by Judge Burton have been subsequently vested in another person. The expressions used are intended to emphasize the continuing disqualification of the regular judge, when this has once been made a matter of record ; and not to imply that, in case of the death or other disability of the special judge, there would result a total stoppage of all proceedings in the cause. In *Lacey v. Barrett*, 75 Mo. 469, it was ruled that : "Where a case tried before a special judge, on account of disqualification of the regular judge, is remanded for a new trial, if the regular judge has been succeeded in office by one who is not disqualified, the new trial will be had before him as if no special judge had ever been elected."

It follows, in our view, that the action of Judge

Edwards was without authority of law, and that the judgment entered of record must be reversed and held for nought. Upon the return of the cause to the trial court, it will be proper to obtain, if practicable, the services of Special Judge Robinson to make the orders which shall have been directed by the mandate from this court. In case this be found impracticable, we see nothing in the statutes to prevent the selection of another special judge for the purpose, by any of the several methods which the law authorizes, and which may be applicable to the circumstances as they arise. The power to do this is as clearly inferable from the spirit and scope of all the provisions of the statute, as was the authority recognized by our Supreme Court, as residing in the newly-appointed regular judge, in the case of *Lacey v. Barrett, supra.* The statutes in this connection are purely remedial, and should be construed largely and liberally, with a view to advancing the ends of justice. The trial that occurs after the remanding of the cause proceeds with all the forms, and all the incidental powers in the court, in like manner as an original trial, subject only to such modifications as may have been prescribed by the appellate tribunal.

The appellant complains that the order concerning alimony, as made by the learned judge of the circuit court, does not conform to the directions conveyed by the mandate sent from this court, which required the plaintiff to pay "to the defendant or into court for her use, all arrearages, if any, in the alimony heretofore awarded to her by the trial court." It appears that, after the receipt below of the mandate, the plaintiff paid into court to the use of the defendant the sum of one hundred dollars, which had been specially allowed to her for counsel fees, and in connection with this an entry appears to the effect that it was "by counsel admitted and agreed that no alimony had been paid therein since that for the month of March, 1886." The record shows further, an order for alimony *pendente lite,* of fifty dollars per month, beginning on June 1,

1885. We have no means of ascertaining what payments had been made under this order, other than the admission and agreement above mentioned; from which it would appear that something yet remained in arrear, in addition to the one hundred dollars deposited. It is unnecessary, however, for us to do anything more than to repeat the direction contained in our former opinion, in accordance with which the trial court will proceed to inquire into the fact of existing arrearages, if any there be, and make such order thereupon as shall carry out the terms of our decision. Furthermore, we have only to repeat our former conclusion, as adapted to the present record.

The judgment entered in the circuit court is reversed and the cause remanded, "with directions to enter a decree for the plaintiff dissolving the bonds of matrimony between him and the defendant, the plaintiff first paying to the defendant, or into court for her use, all arrearages, if any, in the alimony heretofore awarded to her by the trial court. It is further ordered that the trial court make such orders touching the care, control, and custody of the infant child of the parties, and alimony, if any, for its sustenance, as the interests of said infant may demand." All the judges concur.