The State v. Schaffer.

---

STATE OF MISSOURI, Respondent, v. S. C. SCHAFFER *et al.*, Appellants.

| 36 | 589 |
| 97 | 302 |

Kansas City Court of Appeals, May 20, 1889.

Change of Venue: RECOGNIZANCE, FORFEITURE AND JUDGMENT AFTER. Defendant S. was indicted in the Jackson criminal court and filed his affidavit for a change of venue on account of the prejudice of Judge WHITE, which application was sustained, and Judge BURGESS selected to try the cause, which was continued from time to time, until October 17, 1887, when by special agreement, Judge WHITE ordered a continuance to January 2, 1888, and took the recognizance in controversy with the other defendants as sureties. On January 2, no steps were taken in the cause, and on the third, Judge White ordered the defendant called, and upon his not coming, declared the recognizance forfeited and ordered *scire facias* against defendant and his bondsmen. *Held* that Judge WHITE was still authorized to continue the cause and take bail in the case; but, in ordering the *scire facias*, and in trying and entering judgment thereon, he was acting without authority and went beyond his powers in the cause

*Appeal from the Jackson Criminal Court.*—Hon. H. P. White, Judge.

REVERSED AND REMANDED.

Statement of the case.

On November 29, 1886, in the Jackson county criminal court, Samuel C. Schaffer was indicted for embezzlement. He was arrested and arraigned on said day. He entered a plea of not guilty, and on the same day filed his affidavit for change of venue on account of the prejudice of Judge White.

On the twenty-sixth of May, 1887, the application for change of venue was heard and sustained, and an order entered of record appointing and requesting Judge Burgess to try the cause, and the same was continued to July 11, 1887.

The cause was continued from time to time, and on October 17, 1887, by special agreement, Judge White was permitted to order a continuance and the cause was then continued and set for trial on January 2, 1888.

Judge White, on October 17, 1887, took the recognizance now in controversy, and defendants Mastin and Collins became sureties thereon.

On January 2, no steps were taken in the cause. On January 3, Judge White, in the absence of Judge Burgess, caused the defendant to be called, the defendant came not, and Judge White declared the recognizance forfeited and ordered *scire facias* issued against Schaffer and his bondsmen, D. C. Mastin and C. T. Collins.

The defendants Mastin and Collins answered, seting up the fact that a change of venue had been awarded from Judge White before the recognizance was entered into, and that Judge White had no jurisdiction or authority to take the recognizance or to call the case or declare a forfeiture of the bond.

The State v. Schaffer.

Judgment was rendered against the defendant Schaffer, and Mastin and Collins his sureties, and the said sureties have appealed to this court.

*M. A. Fyke*, and *T. A. Frank Jones*, for appellant.

(1) So far as that particular case was concerned, Judge WHITE could not hold court, could make no requirement of the defendant and could not make any record whatever. All proceedings before him were *coram non judice.* He was equally incompetent to take the recognizance, to call the case for trial, to declare the recognizance forfeited, or to give judgment against the defendants. *Lacy v. Barrett*, 75 Mo. 469. (2) Where a recognizance is taken by a court or person not authorized to take it, the recognizance is void. *State v. Walker*, 1 Mo. 546; *State v. Ramsey*, 23 Mo. 327. (3) Judge WHITE clearly had no power or authority to enter a forfeiture of the recognizance. Section 1840 provides that if the defendant fails to appear for trial or judgment, or upon any other occasion when his presence may be lawfully required, thereupon the recognizance is forfeited. Judge WHITE had no authority to require defendant " to appear for trial or judgment," nor could he lawfully require his presence in court upon any other occasion. As soon as the order granting a change of venue was made, Judge WHITE lost and Judge BURGESS acquired jurisdiction of the cause. *Henderson v. Henderson*, 55 Mo. 534, *loc. cit.* 544; *State v. Hopper*, 71 Mo. 426; *State v. Hayes*, 81 Mo. 574, 580; *State v. Hayes*, 88 Mo. 344–346–7. (4) The proceedings upon the *scire facias* were merely a continuation of the original case, and therefore not legal or binding in the absence of Judge BURGESS. *State v. Heed*, 62 Mo. 559.

No brief for respondent.

GILL, J.—Judge WHITE of the criminal court of Jackson county, where this cause was pending, was disqualified from hearing the same under the provisions of section 1877, Revised Statutes, 1879, wherein it is stipulated : "When any indictment or criminal prosecution shall be pending in any criminal or circuit court, the judge of said court shall be incompetent to hear and try said cause, in either of the following causes : * * * *fourth,* when the defendant shall make and file an affidavit, supported by the affidavit of at least two reputable persons * * * that the judge of the court, in which said cause is pending, will not afford him a fair trial, * * *."

It will be seen from the statement of the facts that the judge of the criminal court submitted to such disqualification, as he granted the application and called in Judge BURGESS of the eleventh judicial circuit of Missouri, to sit in and try said cause as is provided he might do by section 1881, Revised Statutes, 1879. See said section 1881, as amended by act approved March 30, 1887. Acts, 1887, p. 168.

By section 1881, as amended, provision is made that said special judge, when so designated, "shall, during said trial, and in relation to said cause, possess all the powers and perform all the duties of a circuit judge at a regular term of such court, and may adjourn the case from day to day, or to some other time, as the exigencies of the case may require, or may grant a change of venue to another county," etc., and it is further provided that if the judge so selected to try the cause shall fail or refuse to appear and try said cause, or conduct said proceedings, the judge of said court may adjourn the cause over to another day and designate some other judge who shall appear and try the cause, etc.

Now it does not appear from the record of this cause that Judge BURGESS, the judge appointed to try

the case, refused to perform such duty, but, at all events, he *did fail* to appear at the time set for trial.

Thereupon it was agreed that Judge WHITE might order a continuance of the cause, which was done, and he further proceeded to, and did, require the defendant Schaffer to furnish a recognizance, and defendants Mastin and Collins entered into the same as his sureties, and the cause was continued to and set down for hearing on January 2, 1888, when the defendant Schaffer not appearing, and in the absence of special Judge BURGESS, Judge WHITE ordered a forfeiture of the recognizance, which was proceeded with to a final judgment.

It is clear from the construction of these statutes, as given by our supreme court, followed by the St. Louis court of appeals, that in ordering *scire facias* on the recognizance in question, and in entering judgment thereon, Judge WHITE was acting without authority. *Lacy v. Barrett*, 75 Mo. 469 ; *Dawson v. Dawson*, 29 Mo. App. 521 ; *Henderson v. Henderson*, 55 Mo. 544 ; *State v. Hayes*, 81 Mo. 580 ; *State v. Hayes*, 88 Mo. 346-7.

By virtue of the provisions of the statute, and the selection of Judge BURGESS in pursuance thereof, Judge White had ceased to be a judge in that cause ; *except,* as provided in section 1881 (amended Laws, 1887, p. 168), on failure of Judge BURGESS to appear, he was authorized to proceed to select another special judge and continue the cause over to some other day It does not follow, however, that in taking the recognizance on October 17, Judge WHITE was doing a nugatory act. He was as judge of the court authorized to take bail, although he was not judge in that cause.

These defendants, Schaffer, Mastin and Collins, appeared in the criminal court October 17, and the request was made by the defendants on Judge WHITE

VOL. 36—38

to set aside a prior judgment on a former recognizance in the same cause and to order a continuance of the cause to the January term.

Judge WHITE consented, and did set aside the former judgment and ordered a continuance as requested. These defendants then and there voluntarily and in open court entered into this recognizance for the appearance of Schaffer, the accused, at the time to which the cause by consent had been continued. It would seem that as the court had the power to continue the cause, it must necessarily have the power to recognize the prisoner to appear in pursuance of such order of continuance. All this, too, was done by consent of prisoner and these bondsmen, as the record shows. But when it came to a trial and judgment on this recognizance these defendants objected at every step, and it was there that Judge WHITE went beyond his powers in the cause. The result then of our holding is that this judgment must be reversed and the cause remanded, so that the same may be proceeded with according to the views herein expressed. The judges all concur.