PELZ, Appellant, v. BOLLINGER.

Division Two, March 1, 1904.

1. **JUDGMENT: Written Out After Adjournment.** A judgment written out after the adjournment of the term and then spread upon the record, if done in accordance with the minutes of the judge entered upon the "court docket," or with the minutes of the clerk made at the time of the rendition of the final judgment in the cause, is not void, nor is there anything improper in that practice. The judgment is in fact rendered when the entry is made by the clerk on his minutes in accordance with the announcement of the court.

2. **RULE OF COURT: Abstract as Evidence: Abuse of Judicial Discretion.** Plaintiff offered her deed in evidence in a suit involving title to land, which was excluded on the sole ground that she had failed to file with her petition an abstract of title to the land in question, as required by the rule of the court. *Held*, that the rule as thus enforced was arbitrary and beyond the bounds of judicial discretion. To exclude the deed upon that sole ground, is unjust and without authority of law.

3. ———: ———: ———: **Including Court Proceedings.** A court is bound to take notice of all proceedings before it in the same litigation. And where the rule of court requires, in a suit involving title to real estate, that an abstract of title be filed with the petition, and that rule is held by the trial judge, in a proceeding to have a judgment set aside as having been obtained by fraud, to require the plaintiff to include in his abstract the orders of the court which do not justify the fraudu-

Pelz v. Bollinger.

lent judgment, that holding is in excess of the bounds of judicial discretion, and the rule itself, as thus interpreted, void, since it is an attempt by the court to impose other and additional burdens upon plaintiffs in suits involving title to real estate than those imposed by law.

4. JUDGMENT: Obtained by Fraud: Not Conforming to Minutes. Plaintiff bought land on March 16th and recorded her deed the same day. Prior to that time the defendant had filed a *lis pendens* in the proper office, and brought suit against her grantor to compel a specific performance of a verbal contract of sale between him and said grantor, alleging in his petition that he had taken possession of the land, and had paid $200 of the mortgage indebtedness on said land, which allegations this plaintiff's petition declares were untrue in every respect and made with the intention of deceiving the court as to the facts in the cause. At the term in May judgment was rendered by default; and at the next term plaintiff filed a motion to be made a party, and asked that the judgment by default be set aside, and that she be permitted to file an answer, and tendered her answer along with her motion, which motions were overruled, and the clerk's minutes recites that the judgment "by default was made final," but the petition charges that after the adjournment of court, the attorney for plaintiff in that cause wrote out a decree which recited that the application of this plaintiff to be made a party had been sustained, that she had been made a party defendant, had filed an answer, and then divests title out of this plaintiff and her grantor, and vests it in this defendant, and induced the clerk to spread that decree of record as the judgment in the cause. *Held,* if these facts were true, they tend strongly to show that the final judgment was obtained by fraud and fraudulent practices.

Transferred from St. Louis Court of Appeals.

REVERSED AND REMANDED.

*E. R. Lentz* for appellant.

(1) The testimony offered by the plaintiff and rejected by the court would have conclusively established the fact that the pretended decree was never rendered by the court. Courts of equity have power to set aside decrees obtained by such fraudulent and corrupt practices. Black on Judgments, sec. 290; Millspaugh

v. McBride, 7 Paige 509; Baldwin v. Davidson, 139 Mo. 13; Mayberry v. McClurg, 51 Mo. 256; Miles v. Jones, 28 Mo. 87; Harris v. Terrell, 38 Mo. 421; Smith v. Sims, 77 Mo. 269. (2) The findings of fact in the said pretended decree are false and untrue, and the records and testimony offered by plaintiff and rejected by the court would have established that fact. The record shows, instead of a trial and finding of facts, there was a simple order—"judgment by default made final." Standard on the witness stand says he prepared that decree after court adjourned, and had the clerk enter it on the records. (3) The deed offered in evidence by plaintiff from Goodson to Mrs. Pelz was legal, competent, relevant and material testimony in this cause, made so by statute, and the court had no power to exclude it as testimony because of any violation of rule "four," or any other rule; or to impose any conditions or restrictions upon its introduction other than those imposed by law. R. S. 1899, sec. 932; Cresper v. Hannaman, 72 Mo. 540; Calhoun v. Crawford, 50 Mo. 458; Purcell v. Railroad, 50 Mo. 504. (4) Pretended rule "four," even if a valid rule, relates entirely and solely to actions to try the title to land. This action is in no sense an action to try title to land, and therefore said rule did not apply to this case. Smith v. Jamison, 91 Mo. 13; Lamm v. Kellogg, 49 Mo. 118; Janney v. Spedden, 38 Mo. 402; Bonner v. Lisenby, 57 Mo. 735. (5) Pretended rule "four" is illegal and void, for the reason that it is unreasonable, unjust and oppressive, in that it deprives parties of legal and substantial rights, and imposes conditions and restrictions upon the introduction of testimony, which the law does not impose. Purcell v. Railroad, 50 Mo. 504; Calhoun v. Crawford, 50 Mo. 458; Elliott's Gen. Prac., sec. 187.

*G. A. Standard* for respondent.

(1)   Counsel for appellant admits in his argument that he appeared as attorney for Mrs. Pelz in the case of Bollinger v. Goodson and filed her petition asking that she be made a party and at the same time tendered an answer in the said cause.   All the testimony, and all the pleadings, and the judgment show this to be true.   Counsel claims that his motion to make appellant party was overruled.   There is no evidence to sustain this contention except that of Mr. Lentz, attorney for appellant.   There is no entry on the judge's docket or on the clerk's minute book that corroborates this statement.   Neither the clerk nor his deputy would state that appellant's motion to be made a party defendant was overruled.   The pleadings in this case, and all fair inferences to be drawn therefrom, tend to prove that the motion was sustained and the appellant permitted to file answer.   The judgment of the court in Bollinger v. Goodson, offered in evidence by appellant and respondent, shows that the motion was sustained and that appellant filed her answer and made her defense.   Standard in his evidence was positive that the judgment by default was set aside and that appellant was permitted to and did file answer and made her defense in the Bollinger-Goodson case.   The attorney for appellant undertook to show by witness Puckett, by parol evidence, that no judgment was ever rendered in the Bollinger case.   This was clearly incompetent evidence and was overruled.   Parol evidence can not be used to contradict the record.   Armstrong v. St. Louis, 3 Mo. App. 100, 69 Mo. 309.   (2)   Attorney for appellant complains because the decree in the Bollinger-Goodson case was written up and handed to the clerk for record after the court had adjourned.   This is very frequently done in our circuit courts.   The law does not require that judgment shall be entered in full on the record by

the judge or signed by him.    Such acts are not essential to their validity.    Gibbs v. Southern, 116 Mo. 204.

BURGESS, J.—The object of this suit is to have set aside and for naught held, a judgment and decree rendered in the circuit court of Butler county, in an action wherein the defendant in this suit was plaintiff, and Christopher Goodson and the plaintiff herein were defendants, in which it was adjudged and decreed that the title to certain lands therein described, of which plaintiff Pelz claimed to be the owner, be divested out of him, the said Goodson, and be vested in the plaintiff, Solomon Bollinger, free from any claim of the defendants, Christopher Goodson or Sallie Pelz, or either of them in and to said lands, upon the ground that said judgment and decree was obtained by fraud.

The trial resulted in a judgment dismissing plaintiff's bill, and against her for costs.    In due time thereafter plaintiff filed motions for new trial, and in arrest, which being overruled, she saved exceptions, and appealed the case to the St. Louis Court of Appeals for review.    That court declined to entertain the appeal, for the want of jurisdiction, upon the ground that title to real estate is involved, and transferred the cause to this court, in accordance with the provisions of section 1657, Revised Statutes 1899.

The facts briefly stated are, that in December, 1896, one Christopher Goodson was the owner of the tract of land described in the petition, and which is the subject-matter of this litigation.    On the first day of March, 1897, he and his wife, for a valuable consideration to them paid by said Sallie Pelz, sold and conveyed said land by general warranty deed to her (plaintiff), which said deed was on the same day filed for record in the office of recorder of deeds for said county.

At the time plaintiff purchased the land she had no knowledge other than as hereinafter stated of any claim of defendant Bollinger to said land.

Sometime prior to the sale of the land by Goodson to plaintiff, Goodson and defendant had entered into a verbal or oral contract for the sale or exchange of the land to defendant. The land in question was, at that time, unoccupied timber land.

But on the 24th day of February, 1897, the defendant brought suit in the circuit court against Goodson to compel a specific performance of said contract between the said Goodson and himself, alleging in his petition that he, Bollinger, had taken possesion of the premises of the defendant, and in addition thereto had paid two hundred dollars of the mortgage indebtedness on said land, which said allegation the petition alleges was untrue in every respect, and was made with the intention of deceiving the court with respect to the facts in said cause. Process was served in that cause upon the defendant Goodson on the 16th day of March, 1897, which was about fifteen days after plaintiff's deed from Goodson was filed for record, but plaintiff Bollinger filed a notice *lis pendens* in the proper office on the 24th day of February, 1897. At the May term, 1897, of said court, an interlocutory judgment by default was rendered in said cause, and the cause continued to the next term. At the November term, 1897, the plaintiff, claiming to own the fee simple title to said land, filed a motion in said cause setting up these facts, and alleging that she had a meritorious defense to Bollinger's cause of action, and asking to be made a party defendant, that the judgment by default be set aside, and she be allowed to file answer, and at the same time tendered an answer in said cause, but the court overruled the motion and refused this plaintiff leave to file answer in said cause. No other action was taken at that term except to continue said cause; and at the May term of the said court for 1898 said cause was continued, no other action taken; and at the November term, 1898, the interlocutory

judgment by default was made final, and this was the only action taken at this term.

After the adjournment of the November term, 1898, of said court, G. A. Standard, the attorney for the plaintiff in that cause, wrote out a decree of the court and procured the clerk of the circuit court to enter the same upon the records of that court as the judgment and decree thereof, wherein, as plaintiff alleges, it is falsely and fraudulently stated to be found by the court, that the application of this plaintiff to be made a party defendant and to set aside the default has been sustained, that this plaintiff was made a party defendant in that cause, that she filed answer in said cause, and that at the November term a trial was had, evidence introduced and the findings and judgment of the court based thereon. The said decree then proceeds to divest the title out of the said Christopher Goodson and out of this plaintiff and to vest the same in the defendant Bollinger. The court rejected each and every offer of documentary evidence offered by the plaintiff, not because it was incompetent, but, as he said, plaintiff had violated rule 4 of said court and, therefore, could offer no testimony.

There is no question but that the circuit courts of this State have the power to vacate or enjoin judgments obtained by fraud, and that they will do so when the fraud is practiced in the procurement of the judgment. [Payne v. O'Shea, 84 Mo. 129; Murphy v. De France, 101 Mo. 151; Nichols v. Stevens, 123 Mo. 96; Moody v. Peyton, 135 Mo. 482; Covington v. Chamblin, 156 Mo. 574.] But "where a judgment is sought to be impeached on the ground of fraud, such impeachment can only occur when satisfactory evidence is offered that such impeaching fraud occurred in the very concoction or procurement of the judgment. Nothing short of this will answer." [Moody v. Peyton, supra; Bigelow on Fraud, pp. 86, 87, 88, 90, 94, 636; Payne v.

O'Shea, supra; McClanahan v. West, 100 Mo. 309; Oxley Stave Co. v. Butler Co., 121 Mo. 614.]

Because of the fact that the decree was prepared and written out in full by the attorney for the plaintiff in that case, and spread upon the court record by the clerk after the adjournment of the court for the term, plaintiff contends that it is void, because of the want of authority in either the judge himself, or any person authorized by him to do so, after the adjournment.   If this was done in accordance with the minutes of the judge entered upon the "court docket," or the minutes of the clerk made at the time of the rendition of the final judgment in the cause, there was nothing improper in the attorney writing the judgment and decree out in full, or the clerk spreading it upon record after the adjournment of court for the term.   This is the practice in most of the circuits, and there is no impropriety in it, as the judgment is in fact rendered when the entry is made by the clerk on his minutes in accordance with announcement of the court, and the party in whose favor any judgment is rendered may have execution in conformity therewith.   [Sec. 3151, R. S. 1899.]

In Fontaine v. Hudson, 93 Mo. 62, BRACE, J., in speaking for the court, said: "The right to the execution follows, *eo instanti,* upon the rendition of the judgment; the rendition of the judgment is the judicial act upon which the execution rests, its entry upon the record is a mere ministerial act evidencing the judicial act, but not essential to its validity, or giving to the judgment any additional force or efficacy.   A valid judgment rendered will support and validate an execution issued in conformity therewith, although the formal record evidence of its rendition may not have been in existence at the time the execution issued.   It is sufficient if the record evidence is in existence when proof of the judgment becomes necessary."

It not unfrequently occurs that the court in an equity case suggests to the attorney in favor of whose

client a judgment and decree is rendered to prepare the decree and furnish it to the clerk of the court to be spread upon the record of the court, and especially is this so when some knowledge of the law is requisite to its preparation, and, unless some fraud is practiced in its preparation, or it is not in accord with the judgment actually rendered by the court, it is not invalid simply because of the fact that it was done after the adjournment of the court for the term.

Plaintiff offered in evidence a warranty deed from Christopher Goodson and wife to her dated March 1st, 1897, conveying to her the land described in the petition acknowledged on the same day, and duly recorded, which said deed was excluded upon the objection of defendant upon the ground, as stated by the court at the time, that plaintiff has failed to comply with rule four of the court by failure to file her abstract of title after having due notice of said rule, after it has been adopted. Said rule is as follows:

*"Suits Affecting Title to Real Estate.*—In suits wherein the title to land shall be in issue, the plaintiff shall file with his petition an abstract of title, and if the defendant is not satisfied with said abstract, he shall file one with his answer, and no other evidence of the record title except the records and documents referred to in said abstracts, and except such evidence as may be introduced in support of objections to the records and documents referred to in them, shall be heard on the trial of the case."

Plaintiff insists that the court erred in excluding the deed upon the ground stated by the court, or any other ground, for the reason that it was competent evidence, and the court had no right to impose any conditions or restrictions upon its introduction not imposed by law, and that said rule is illegal and void.

It is made the special duty by statute (sec. 1594, R. S. 1899) of every judge of a court of record to "prescribe rules that will procure uniformity, regularity

and accuracy in the transaction of the business of the court." Besides, such power exists as an inherent power independent of the statute, and while the discretion in the exercise of such power is almost unlimited, and, when purely discretionary, is not reversible unless such discretion is transcended or abused, but if the judge goes beyond the bounds of judicial discretion or abuses it to the injury of a party the appellate court will grant relief. But in order that the appellate court may interfere, a very clear case of abuse of discretion must be made out. [1 Elliott's General Practice, sec. 189.] The deed offered in evidence was excluded on objection of defendant upon the sole ground that plaintiff had not filed with his petition an abstract of title to the land in question, as required by the rule, which, thus enforced, seems to us to be arbitrary and beyond the bounds of judicial discretion. That a penalty might be imposed for the non-observance of such a rule by continuing the case at the cost of the party in default, at the option of his adversary, may be conceded, but to exclude entirely as evidence a deed offered in evidence upon the sole ground stated, was, we think, unjust to the plaintiff and without authority of law. It is clearly not a reasonable rule but one absolutely arbitrary.

Plaintiff next offered in evidence the entry of the judge of the court made on the "court docket" at the May term, 1897, in the case of Solomon Bollinger v. Christopher Goodson, as follows: "Judgment by default and continued;" also, an entry made thereafter at the same term in the same case on the same docket as follows: "Application of Sallie Pelz to be made a party defendant and to set aside default;" also, an entry by the judge upon the "court docket" made in the same case at the May term, 1898, as follows: "Judgment by default and continued;" also, an entry upon the judge's docket made in the same case at the November term, 1897, as follows: "Application of Sallie Pelz to be made a party defendant and to set aside de-

fault;'' also, an entry upon the court docket, made in the same case at the May term, 1898, as follows: ''Continued;'' also, an entry upon the same docket, made in the same case at the November term, 1898, as follows: ''Made final;'' also, an entry upon the circuit court record made at the November term, 1897, of said court as follows: ''Application of Sallie Pelz to be made a party defendant, and to set aside default;'' also, an entry made by the clerk of the court in the same case at the November term, 1898, as follows: ''Judgment by default made final.'' All and each of which were excluded as evidence upon the sole ground that no abstract of title had been filed by plaintiff as required by said rule, notwithstanding the fact that the court was bound to take judicial notice of all proceedings before it in the same litigation (1 Greenleaf, Evidence (16 Ed.), sec. 6a; Dawson v. Dawson, 29 Mo. App. 523), and therefore no testimony was required with respect thereto. [State v. Bowen, 16 Kan. 475; Brucker v. State, 19 Wis. 539; National Bank of Monticello v. Bryant, 13 Bush 419.] The court being required to take notice of all proceedings in the case of Bollinger v. Goodson, it would seem that the rule as construed by it, requiring the plaintiff to include in his abstract said orders and the rulings of the court upon them, was, under the circumstances, in excess of the bounds of judicial discretion, and an abuse of such discretion to the prejudice of plaintiff. Our conclusion is that the rule is in excess of the power of the court in imposing other and additional burdens upon plaintiffs in suits affecting the title to real estate, than imposed by law, and therefore void.

If it is true as recited in the minutes of the clerk of the court, made at the November term, 1898, and on the first day of December, 1898, in case of Bollinger v. Goodson, that the judgment by ''default in that case was made final,'' and that thereafter a final judgment and decree was written up by plaintiff's attorney in that case, reciting the fact that the motion made by plain-

tiff Pelz, accompanied by her answer asking to be made a party defendant, was sustained, when such was not true in fact, and all of her right and title to the land divested out of her and vested in plaintiff in said suit, without any service of process upon her, and without her being made a party to said suit, then these facts would tend strongly to show that the final judgment was obtained by fraud and fraudulent practices.

For these considerations the judgment is reversed and the cause remanded.

All concur.