**C. A. FLEMING et al., a Partnership, d/b/a Fleming & Son Maufacturing Company, Respondents,**

v.

**CLARK TOWNSHIP OF CHARITON COUNTY, Missouri, Appellant.**

No. 48829.

Supreme Court of Missouri,

Division No. 1.

June 11, 1962.

James J. Wheeler, Keytesville, Missouri, for appellant.

Arthur M. O'Keefe, Moberly, C. B. Burns, Jr., Brookfield, for respondents.

HYDE, Judge.

■ This is an appeal from a judgment ordering a judgment to be entered reviving a previous judgment. We have jurisdiction because Clark Township, an organized township of Chariton County with township organization, is a party. See Missouri Township, Chariton County v. Farmers' Bank of Forest Green, 328 Mo. 868, 42 S.W.2d 353, transferred 12 S.W.2d 763.

Application for revival of a judgment obtained against defendant on October 16, 1939, was filed on October 13, 1949, by G. A. Fleming as sole survivor of the partnership of himself and B. S. Fleming under the name of Fleming & Son Manufacturing Company, original plaintiffs, joined in by H. E. Trader, assignee of the judgment who asked that it be revived either in his name or in the name of the surviving partner. Scire facias was issued and hearing held by Honorable V. C. Rose, assigned as Special Judge to hear the case, after which the following judgment was entered: "Now, this 14th day of April, 1951, plaintiffs' motion to strike defendants' motion to dismiss application for judgment taken up by the Court, and said motion to dismiss by defendants is by the Court overruled. Cause taken up and evidence heard and judgment ordered revived as per decree filed."

No decree was filed but on March 24, 1961, a motion was filed by G. A. Fleming stating that on April 14, 1951, a judgment was rendered by Judge Rose, "decree to be filed by plaintiff"; that "no decree was filed"; and that "plaintiff now moves the Court to enter its decree and judgment in said case." Honorable Samuel E. Semple, assigned as Special Judge to hear this motion, ordered it sustained on April 7, 1961, and a judgment and decree was entered reviving the judgment of October 16, 1939, in the name of G. A. Fleming, from which defendant appealed.

The judgment ordered entered March 24, 1961, was as follows: "Now, on this day, comes plaintiff, G. A. Fleming by his attorney William Stringer and the defendants, by their attorney, H. K. West, and the cause coming on to be heard and evidence presented on the part of the plaintiffs and defendants the court does find that the plaintiffs recovered and obtained judgment in this Court against the defendant, Clark Township of Chariton County, Missouri, on the 16th day of October, 1939, in the sum of $979.87 their debt and damages, for $321.85 for their costs as appears in the records of this Court, and the Court doth further find that the said sums are still due and unpaid and that the said judgment will expire by limitations unless the judgment is revived. The court doth further find that G. A. Fleming is entitled to the proceeds of said judgment entered by this court against the said defendants on October 16, 1939. The court doth further find that the alleged assignment of said judgment to H. E. Trader was void and that G. A. Fleming is the sole and only

person entitled to the proceeds of said judgment.

"WHEREFORE: It is ordered, decreed and adjudged that the judgment heretofore entered on the 16th day of October, 1939, by this court against Clark Township of Chariton County, Missouri, is revived in the name of plaintiff G. A. Fleming in the amount of $979.87 for debt and damages and $321.85 for costs as heretofore appears in the records of this court."

Over defendant's objection, at the 1961 hearing, plaintiff introduced oral testimony of the attorney for plaintiff at the 1951 hearing, who said the decree referred to was never prepared and who explained the reason for the provision in the decree finding void an assignment to H. E. Trader. (He said the assignment to Trader was for the purpose of having one suit brought on several claims by him and that this case had been dismissed.) It was stipulated by the parties at the 1961 hearing that Trader was deceased but the date of his death does not appear.

Both parties consider the 1961 order as a nunc pro tunc entry. Defendant contends the record entry of April 14, 1951, was not a valid judgment and says it does not support the judgment ordered March 24, 1961. Defendant also says the judgment of March 24, 1961, is in conflict with the pleadings and is not responsive to the issues raised by the pleadings; and that these deficiencies cannot be corrected by parol evidence. Plaintiff claims entry of the judgment of March 24, 1961, was authorized by the record entries in the case; that the entry of April 14, 1951, ordered the original judgment revived and was a final disposition of the case; and that defendant cannot complain of error affecting a third person which is not prejudicial to it.

The record clearly shows that Judge Rose entered a judgment reviving the original judgment; and no oral testimony was necessary to show that. "The rendition of a judgment is the judicial act of the court, whereas the entry of a judgment by the clerk on the records of the court is a ministerial, and not a judicial, act. The entry or recording of the instrument does not constitute an integral part of, and should not be confused with, the judgment itself. Consequently, the judgment itself is not that which may be entered or recorded, but that which is considered and delivered by the court. Indeed, as between the parties themselves, the entry or recording of a judgment is not essential, although, to be effective as against third persons, the recording of a judgment may be essential." (30A Am. Jur. 226, Judgments 94.) "Under this rule, the validity of a judgment is not affected by the delay of the clerk in entering it in the court records, or by an omission altogether to record it in pursuance of statutory provisions making it the duty of the clerk to enter all judgments of record. In this connection, it has been declared that the judgment derives its force, not from its entry on the record, but from the act of the court, and that the judgment is as final and complete when rendered by the court as it is when entered and recorded by the clerk." (30A Am.Jur. 228, Judgments 97; see also Lieffring v. Birt, 356 Mo. 1092, 204 S.W.2d 935, 937; Campbell v. Spotts, 331 Mo. 974, 55 S.W.2d 986, 989; Pelz v. Bollinger, 180 Mo. 252, 259, 79 S.W. 146; State ex rel. Green v. Henderson, 164 Mo. 347, 359, 64 S.W. 138; Witten v. Robison, 31 Mo.App. 525; Sperling v. Stubblefield, 105 Mo.App. 489, 79 S.W. 1172; Ex parte Mitts, 220 Mo.App. 825, 278 S.W. 1047.) As shown by these authorities, oral evidence should not have been received and cannot be considered. (See also Wiggins v. Perry, 343 Mo. 40, 119 S.W.2d 839, 126 A.L.R. 949; Young v. Young, 165 Mo. 624, 65 S.W. 1016; State v. Jeffors, 64 Mo. 376; Lindsey v. Nagel, 157 Mo.App. 128, 137 S.W. 912, 915.) However, our view is that the judgment of revival ordered entered on March 24, 1961, is supported by pleadings in the case considered

with the entry made by Judge Rose on April 14, 1951. The only part thereof not definitely supported by this entry alone is the finding that the assignment to Trader was void and G. A. Fleming was the only person entitled to the judgment. Nevertheless, looking to the pleadings, we find the original application showed that Trader therein asked revival either in his name as assignee or in the name of the surviving partner, and made no actual claim of ownership. Furthermore, defendant's motion to dismiss stated as its grounds "that there is no proper lawful or legal assignment shown by the record of said proceeding and that said proceeding is not brought by the real party in interest." Thus all parties, in their pleadings, asserted that Trader was not the real owner of the judgment. Therefore, our conclusion is that consideration of the whole record, including the overruling of this motion, does authorize the construction of the judgment, ordered by Judge Rose, to be that it was a judgment for revival in the name of G. A. Fleming only.

The judgment is affirmed.

All concur.