In re the Marriage of Olive Ruth STODDARD, Petitioner-Appellant,

v.

Elmer K. STODDARD, Respondent.

No. 10372.

Missouri Court of Appeals, Springfield District.

March 11, 1977.

Motion for Rehearing or to Transfer Denied April 5, 1977.

Nicholas R. Fiorella, Springfield, for petitioner-appellant.

Gary A. Love, Springfield, for respondent.

STONE, Judge.

This attempt to appeal evolves from a dissolution of marriage decree entered by the Circuit Court of Greene County on *February 10, 1976.* On *February 25, 1976,* petitioner timely filed her "Motion to Amend Decree or in the Alternative for a New Trial," as authorized by Rule 73.01, subpara. 1(c); and, on *March 29, 1976,* the trial court conclusively ruled and completely disposed of petitioner's said motion by amending the judgment only to the extent of awarding petitioner $1.00 per year maintenance "payable 3–29–76 and March 29 of each year hereafter" and overruling the motion for new trial, all as stated in and evidenced by the court's docket entries on March 29, 1976, which concluded with the direction that the attorneys should "furnish judgment form forthwith." (All references to rules are to Missouri Rules of Civil Procedure, V.A.M.R.)

In the transcript on appeal, the above docket entries are followed by the formal "Amended Judgment Entry," which is properly introduced with these appropriate recitals:

"*Now on this 29th day of March, 1976,* the parties hereto appear through their counsel of record on Petitioner's Motion to Amend Decree Or On (sic) The Alternative For A New Trial; upon the argument presented by the parties, the Court overrules the Motion for a New Trial and sustains the Motion to Amend The Decree as hereinafter set forth." (Emphasis added)

The filing stamp of the Circuit Clerk of Greene County as shown in the transcript indicates that the formal "Amended Judgment Entry" was not filed in the Circuit Clerk's office until *April 12, 1976.* However, the finality of the judgment was not dependent upon, or determined by, the filing or recordation of the formal judgment entry which faithfully tracked and fleshed out the clear and adequate docket entries by the court. " 'The rendition of a judgment is the judicial act of the court, whereas the entry of a judgment by the clerk on the records of the court is a ministerial, and not a judicial, act. . . . [T]he validity of a judgment is not affected by the delay of the clerk in entering it in the court records, or by an omission altogether to record it in pursuance of statutory provisions making it the duty of the clerk to enter all judgments of record. In this connection, it has been declared that the judgment derives its force, not from its entry on the record, but from the act of the court, and that the judgment is as final and complete when rendered by the court as it is when entered and recorded by the clerk.' " *Fleming v. Clark Township of Chariton County,* 357 S.W.2d 940, 942(2) (Mo.1962), quoting from 30A Am.Jur. 228, Judgments § 97, and citing four Mo. and three Mo.App. cases. See now 46 Am.Jur.2d Judgments § 158, pp. 417–418.

■ As we have noted supra, petitioner's motion to amend was an authorized after-trial motion. Rule 73.01, subpara. 1(c). Therefore, it was required to be "treated as, and as a part of, [the] new trial motion for the purpose of ascertaining the time within which an appeal must be taken" and to "be disposed of at the same time." Rule 81.-05(a). Hence, when the new trial motion was ruled on March 29, 1976, the judgment became final for the purposes of appeal. See again Rule 81.05(a). In these circumstances, no appeal could have been effective unless the notice of appeal was filed not later than ten days after March 29, 1976, the date on which the judgment became final. Rule 81.04. Petitioner-appellant's

notice of appeal, which was not filed until *May 12, 1976,* forty-four days after the judgment became final, was untimely and therefore ineffective.

■ Regardless of whether or not respondent has directed our attention to this matter, it is our duty to inquire into the timeliness of the notice of appeal in every case because, absent a timely notice, we do not acquire appellate jurisdiction. *Budget-Easy, Incorporated v. Burd,* 539 S.W.2d 740, 741(2) (Mo.App.1976); *Jenkins v. Roberts,* 420 S.W.2d 24, 25(1) (Mo.App.1967). Recognizing, as we do, the apparent severity of dismissal, we nevertheless have no jurisdiction and accordingly no alternative to dismissal of the appeal. *In re Marriage of Chilton,* 540 S.W.2d 237 (Mo.App.1976); *Kuhn v. Bunch,* 529 S.W.2d 200, 201(3) (Mo. App.1975); *Perryman v. Perryman,* 507 S.W.2d 671 (Mo.App.1974). The appeal must be, and hereby is, dismissed.

BILLINGS, C. J., and HOGAN, TITUS and FLANIGAN, JJ., concur.