In re the Marriage of June Irene
RIEK, Respondent,

v.

Gary Lynn RIEK, Appellant.

No. 50869.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 29, 1986.

Conway Brown Briscoe, St. Louis, for appellant.

Richard G. Steele, Craig Michael Billmeyer, Cape Girardeau, for respondent.

KAROHL, Presiding Judge.

Father and former husband attempts appeal from "Order Modifying Decree of Divorce" entered on August 1, 1985. He claims that the written and signed modification order is inconsistent with a previous judgment on cross-motions to modify entered orally but on the record on May 8, 1985. If the order of May 8, 1985, was a final determination of the rights of the parties and otherwise satisfied the requirements of a judgment, then the trial court was without subject matter jurisdiction on August 1, 1985, and the order of that date is void. We so find and dismiss the appeal for lack of jurisdiction in the trial court.

On December 21, 1976, the marriage of the parties was dissolved. In the decree of dissolution, the court accepted and the parties settlement approved provisions of custody, support and visitation of two children who were then 2½ and 5 years of age.

On March 12, 1985, father filed a motion to modify the dissolution decree. He also requested and was granted a temporary order prohibiting removal of the boys from the State of Missouri. He requested custody and control of the two boys. Mother apparently intended to file a cross-motion to modify, but her motion was not filed with the court. However, father filed an answer to the wife's motion to modify and on March 12, 1985, the parties appeared in person and with attorneys for a hearing on their motions. At the conclusion of the hearing, the following occurred on the record:

The Court will find a continuing and material change in circumstances justifying

a modification of the decree previously entered by this Court on December 21st, 1976. Said decree to be modified as follows. All other terms and conditions of the decree to remain in full force and effect unless modified by this determination.

We will continue to have the care, custody, and control of the minor children born of the marriage reside with the Petition, June Irene Riek Swift, subject to the following visitation privelages (sic) granted to the father. From June 20th, 1985, until August 10th, 1985, and for the same period each year after, until further order of this Court. Reasonable visitation privelages (sic) will be granted to the mother and the maternal grandparents during that period of time as mutually agreed upon by the parties. In addition, the father shall have visitation with the children from December 22nd—Make that December 23rd, until the 2nd of January of the following year, each and every year, from 1985 until further order of this Court. Further, there will be a third visitation period of five days, five calender (sic) days during the Easter Vacation. Said visitation not to interfere with the educational processes of the children. Finally, at such other reasonable times as mutually agreed upon by the parties.

Insofar as transportation is concerned, each parent will be responsible for travel arrangements and costs to return children to the appropriate parent. For example, father is to arrange and pay for transportation from South Dakota to St. Louis. Mother is to arrange and pay for transportation from St. Louis to South Dakota. The Respondent will be ordered to pay the sum of $135.00 per month per child, for a total of $270.00 per month, as and for child support; beginning June 1st, 1985. Payable on the first day of each month through the Circuit Clerk's Office—Cape Girardeau County Circuit Clerk's Office, and on the first day of each months thereafter until further order of this Court. Have I resolved all of the issues? Well, of course, the mother will be granted permission to remove the children from the State of Missouri to the State of South Dakota. The Court will retain jurisdiction. Mr. Briscoe?

HUSBAND'S ATTORNEY: On this child-support modification, there wasn't any pleading on that.

THE COURT: Well, as I read his—

HUSBAND'S ATTORNEY: There wasn't any specific requests for that. None.

THE COURT: I thought I read that in one of the requests here.

HUSBAND'S ATTORNEY: Petitioner's motion to modify, wherefore—

WIFE'S ATTORNEY: Judge, I think our only prayer was for authority to remove the children.

HUSBAND'S ATTORNEY: Only for authority to remove.

THE COURT: Then I was mistaken. That was not an issue. Well, then, we'll eliminate that part.

WIFE'S ATTORNEY: Judge, do I understand your order that every Christmas the boys are to be with their father and not with their mother over Christmas?

THE COURT: Yes.

WIFE'S ATTORNEY: Could I ask the Court to reconsider that and make that alternating Christmases?

THE COURT: I really have considered that. And the problem is that the distance is so far, that the—I did move it close by one day. The distance is so far to make it economical. There is really not that much time. There is only five days between Christmas. They would be traveling on Christmas day and returning on New Years day. And that's always a difficult thing to do. I understand that that's a problem, but I'll point out to you that both of the boys birthdays will be spent with the mother, except, excuse me; Curtis' birthday will be during summer vacation. And father's day will be with the mother. All the other holidays. I couldn't find any other holidays that would split it so he doesn't

get it all in the summer of all around the Christmas time. We just didn't arrange holidays for divorced parents. So that you have periodic visitation. This way it's about three times a year and approximately four months apart. I would suggest that perhaps Christmas come early in South Dakota. I recognize that that's a problem. But, you got the maternal grandparents here.

WIFE'S ATTORNEY: Judge, may I suggest to the Court, you're giving him Easter every year and Christmas every year. I would request that you give some reconsideration to that.

THE COURT: Well, if you want to work out a mutually agreeable schedule between now and 30 days from now, I still have jurisdiction. But at least—

WIFE'S ATTORNEY: On your own, you won't make that change?

THE COURT: I've been sitting here for three hours thinking about this. And going over it and over it three or four times. You've got two lovely boys there who have—Not lovely. That's not the word I want to use. They're really good boys. And I'm not Solomon. I can't split them. Unless you want—I'm not even going to consider that. I think that it is in the best interest of the children that they be removed to South Dakota with their mother and new stepfather. ... But at any rate, if you want to make some other arrangements, I'll consider any mutually agreeable schedule. But I think that these boys are now arriving at that point in life where they would truely need a relationship with their father. And I don't know how to do it when they're separated by nearly a thousand miles, except to give them less frequent but longer visitation privilages (sic). Anything else? We'll be in recess.

On the docket sheet, reflecting orders of the court, the following entry was made on May 8, 1985:

Per memorandum: Parties appear in person and by attorneys. Cause heard, submitted and decided. Judgment dictated into record and R. Steele directed to pre-pare a formal decree.
/s/ A.J. Seir, Div. # 2.

The issue to be determined is whether the court entered a final judgment on May 8, 1985. If so, the August 1 order is void as the trial court acted past the thirty days provided in Rule 81.05.

■ In determining whether a judgment is "final", this court has noted,

We should overlook the omission of mere matters of form and hold that the judgment is sufficient to support an appeal when it appears to have been intended by some competent tribunal as the determination of the rights of the parties to an action, and shows in intelligible language the relief granted.

*Munn v. Garrett*, 666 S.W.2d 37, 39 (Mo. App.1984), *citing, Magee v. Mercantile-Commerce Bank & Trust Co.*, 339 Mo. 559, 98 S.W.2d 614, 616 (1936). Further, we have recognized that there is no rule requiring the judgment to be a separate document because the judgment is not that which may be entered but is that which the court considers and delivers, using language which fully determines the rights of the parties. *Byrd v. Brown*, 641 S.W.2d 163, 166–67 (Mo.App.1982).

■ The order of May 8, 1985 was a reasoned and dictated determination of the rights of the parties. It was specific and authoritative. It recognized that the court had thirty days to modify the provisions if the parties would mutually agree to a change. There were efforts in July 1985 to reach an agreement. No agreement was reached. Former wife's and mother's attorney prepared a proposed judgment which the court entered on August 1, 1985, from which former husband and father appeals. It was entered beyond the time authorized by Rule 81.05 and at a time when the court was without jurisdiction to change or modify the judgment of May 8, 1985. No action taken by the parties or the court in July or August of 1985 could or did change the judgment dictated into the record.

Former husband and father has requested this court to enter a judgment consistent with the trial court's judgment of May 8, 1985, on the authority of Rule 84.14. It is unnecessary that we enter such order because we find that the original decree of dissolution was modified by a judgment as entered on May 8, 1985.

Because we find the trial court was without jurisdiction to enter the judgment from which former husband and father has attempted to appeal, the August 1, 1985, judgment is void and we are without jurisdiction.

Appeal dismissed.

SIMON and GARY M. GAERTNER, JJ., concur.