In re the MARRIAGE OF Linda Louise HUEY and William Wayne Huey.

Linda Louise Huey, Petitioner-Appellant,

and

William Wayne Huey, Respondent.

No. 14544.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 15, 1986.

James R. Fossard, Pratt & Fossard, Springfield, for petitioner-appellant.

William A. Wear, Bruce K. Kirby, Wear, Keeter, Karchmer, Nelms, Kirby & Johnson, Springfield, for respondent.

FLOYD McBRIDE, Special Judge.

This appeal results from a judgment entered orally but on the record by the Circuit Court of Greene County on October 10, 1985, dismissing the wife's petition for a decree of dissolution of marriage. Petitioner, on October 16, 1985, timely filed her motion for new trial and, on October 23, 1985, petitioner's motion for new trial was submitted and overruled. Twenty days after this order, on November 12, 1985, petitioner filed her notice of appeal.

The filing stamp of the Circuit Clerk of Greene County indicates that the formal written decree was not entered in the court file until November 6, 1985. The decree is properly introduced with these appropriate recitals: "Now on this 10th day of October, 1985, this cause comes on for hearing. Petitioner, Linda Louise Huey, appears in person and with her attorney, James R. Fossard; Respondent, William Wayne Huey, appears in person and with his attorney, William A. Wear. Evidence heard." The formal decree correctly reflects the judgment made by the trial court on October 10, 1985 as follows: "The Petition for Dissolution of Marriage is therefore dismissed, and the costs of the action are taxed against the petitioner, Linda Louise Huey."

The timely filing of a notice of appeal is a jurisdictional requirement and where the issue is not raised by a party, the appellate court has a duty to determine the timeliness of the notice. *K.W. v. Missouri Division of Family Services*, 694 S.W.2d 915, 917 (Mo.App.1985); *Stoddard v. Stoddard*, 549 S.W.2d 354, 356 (Mo.App. 1977). For an appeal to be effective, the notice of appeal must be filed not later than ten days after the judgment becomes final. Rule 81.04(a).[1]

The rendition of the judgment occurs when the court pronounces judgment in language which fully determines the rights of the parties. *Riek v. Riek*, 708 S.W.2d 826, 828 (Mo.App.1986); *In re Marriage of Wilfong*, 658 S.W.2d 45, 47 (Mo. App.1983); *Byrd v. Brown*, 613 S.W.2d 695, 698 (Mo.App.1981). The rendition of a judgment is the judicial act of the court and not the ministerial act of entering the judgment on the record. *Byrd*, supra; *Stoddard*, supra, at 355. "Consequently, the judgment itself is not that which may be entered or recorded, but that which is considered and delivered by the court." *Fleming v. Clark Township of Chariton County*, 357 S.W.2d 940, 942 (Mo.1962). In this case it is clear that the court rendered its judgment on October 10, 1985, when it resolved all the issues between the parties and assessed costs against the petitioner. The petitioner recognized October 10, 1985, as the date of the judgment in her notice of appeal and in her brief on appeal, as well as by filing her motion for new trial on October 16, 1985. The entry of the written decree in the file on November 6, 1985, has no bearing on the date of the judgment. *Stoddard*, supra, at 355.

The trial court was divested of jurisdiction when it overruled petitioner's motion for new trial on October 23, 1985. The ten-day period, provided for filing an appeal by Rule 81.04, commenced on that date. *Clayton v. Clayton*, 679 S.W.2d 431 (Mo.App.1984); *Wilfong*, 658 S.W.2d at 47. Because petitioner's notice of appeal was not filed until twenty days after the dispo-

---

1. Supreme Court Rules, V.A.M.R.

sition of her motion for new trial, it is untimely and this court is without jurisdiction.

The appeal must be and is dismissed.

HOGAN, J., and C. DAVID DARNOLD, JOHN C. HOLSTEIN and EUGENE E. REEVES, Special Judges, concur.

PREWITT, C.J., dissents and files dissenting opinion.

PREWITT, Chief Judge, dissenting.

I respectfully dissent. I would not dismiss the appeal and would determine the matter on the merits.

Although perhaps a judgment can be rendered orally, I do not think an oral pronouncement can or should be the "entry" of a judgment. It is the "entry" of judgment which starts the time within which a motion for new trial must be filed and the time that a judgment becomes final for appeal. See Rules 73.01(a)(3) and 81.05(a). This is the reason that I disagree with the principal opinion and the main reason that I disagree with *Riek v. Riek,* 708 S.W.2d 826 (Mo.App.1986), cited therein.

As the principal opinion states, there is a distinction between the judicial act of the court in rendering judgment and the ministerial act of entering it upon the record. See *Allen v. Gibbons,* 425 S.W.2d 243, 245–246 (Mo.App.1968); *Rehm v. Fishman,* 395 S.W.2d 251, 255 (Mo.App.1965). "Entry" contemplates a writing and is generally synonymous with "recording". See Black's Law Dictionary, 627 (rev. 4th ed. 1968). After a jury trial, judgment "is entered as of the date of the verdict." Rule 78.04. No similar provision applies to nonjury trials. Consequently, in nonjury matters the date of entry of a judgment is the date the writing reflecting it is entered in the court's records.

Under Rule 81.05(a), it is not the rendition, but "the entry of such judgment" which starts the time running to make the judgment final. Although Rule 81.05(a), in providing when a judgment becomes final when a motion for new trial is filed does not refer to the entry of a judgment, such an entry must still be required for a judgment to be final. Express reference to an "entry" is made earlier in the rule and there is no reason to require an entry for a judgment to become final when no motion for new trial is filed, but to dispense with the entry requirement for finality when a motion for new trial is filed.

Under the rules I do not see how a judgment can become final absent its entry. Because the notice of appeal was filed well within the prescribed time from the date of the entry of the judgment, I believe the appeal was timely.