## IN RE ORA MITTS.

Kansas City Court of Appeals. January 18, 1926.

1.—**Habeas Corpus—Though no Authority for Imprisonment of Petitioner at Time Writ Issued Not Ground for His Discharge Where Amended Return Shows Sufficient Cause for His Detention.** In habeas corpus proceeding though there was no authority for imprisonment of petitioner at time writ was issued court not justified in discharging him where amended return showed sufficient ground for his detention at its date.

2.—**Judgment—Minutes upon Judge's Docket Held to Show Judgment Was Entered in Cause.** Minutes upon judge's docket stating "Dft. appears personally. Ct. finds deft. guilty. Ct. sentences him to eight months in jail and to pay fine of $100," held to show judgment was entered in cause.

3.—**Same—Failure of Clerk to Record Judgment Can be Rectified at Subsequent Term by Nunc Pro Tunc Order.** That clerk failed to record judgment or make any entry of it on record book does not deprive judgment of its force or validity and under section 4059, Revised Statutes 1919, such neglect or misprision of clerk could be rectified at subsequent term by **nunc pro tunc** order.

4.—**Habeas Corpus—Information and Judgment in Judge's Docket Held Sufficient Upon Which to Enter Judgment Nunc Pro Tunc Which Cannot be Attacked on Habeas Corpus.** Judgment of conviction shown by minutes in judge's docket with what is contained in information held sufficient upon which to enter a judgment **nunc pro tunc** that cannot be attacked in a collateral proceeding.

5.—**Criminal Law—Unnecessary for Judgment in Minutes of Judge's Docket to Show Time of Commencement of Imprisonment.** Under sections 1946, 4060 and 4070, Revised Statutes 1919, it was unnecessary for judgment to show time of commencement of imprisonment, and judgment could be corrected **nunc pro tunc** to show such things.

6.—**Same—Notice Not Necessary Before Entering Judgment Nunc Pro Tunc.** Where minutes of judge showing entry of judgment was open to but one interpretation as to what was done, there was no necessity for any notice

to be given petitioner before entering judgment **nunc pro tunc**, particularly when petitioner's counsel was present.

**7.—Same—Trial Court Authorized to Correct Judgment Nunc Pro Tunc Even After Appellate Court Had Issued Writ of Habeas Corpus.** Trial court has authority to correct or supply record of conviction nunc pro tunc even after appellate court had issued its writ of **habeas corpus.**

**8.—Writ of Habeas—Habeas Corpus Not Intended for Correction of Errors and Irregularities.** Writ of **habeas corpus** not intended for correction of mere errors and irregularities.

---

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 1317, n. 55, 64; p. 1318, n. 65, 73; p. 1319, n. 88. Habeas Corpus, 29CJ, p. 25, n. 4; p. 27, n. 6; p. 51, n. 24, 25; p. 52, n. 27; p. 160, n. 65. Judgments, 33CJ, p. 1064, n. 61; p. 1072, n. 29, 30; p. 1103, n. 29; p. 1105, n. 45; 34CJ, p. 44, n. 57; p. 45, n. 58, 59; p. 74, n. 61.

Original Proceeding "By the *Habeas Corpus* Act."

Petitioner remanded to custody of sheriff.

*G. R. Chamberlin,* Prosecuting Attorney for State, no brief.

*Elmer E. Hairgrove,* Attorney for petitioner, no brief.

BLAND, J.—This is a proceeding in *habeas corpus.* The facts show that on September 8, 1925, the prosecuting attorney of Cass county filed an information charging defendant with transporting and giving away "hootch moonshine for beverage purposes," and with having in his "possession certain intoxicating liquors, to-wit, about four pints, more or less, of hootch moonshine, commonly called 'Home Brew' and containing more than one-half of one per cent per volume of alcohol." Afterwards the charge of transporting and giving away was dismissed. The records of the circuit court of Cass county show that on September 29, 1925, defendant appeared in that court and pleaded not guilty; that both the State and defendant requested a trial by the court without a jury; that a part of the evidence was submitted and the case was continued until October 8, 1925. On October 8, additional evidence was heard and the case closed, and the court continued the case until October 26. The cause was thereafter continued until October 31st. The regular records of the circuit court of Cass county show no judgment or sentence of the defendant, but the minutes upon the judge's docket contain the following:

"Sept. 29,—Dft. appears personally with father and friends, hears reading of information and pleads not guilty. Pros. Atty. dismisses as to 1st count charging transportation. Both parties request trial by court without jury. Ct. notifies parties it will hear

cause, on condition that it will continue hearing to any future date necessary to get other material evidence. Parties agree to each condition. Part of evidence submitted. Con. to Oct. 8 for more evidence. Oct. 8, State submits further evidence. Both sides close. Ct. continues cause to Oct. 26th. Oct. 26th, Ct. con. cause to Oct. 28. Oct. 28, Ct. con. cause to Oct. 31. Oct. 31, Dft. appears personally. Ct. finds deft. guilty. Ct. sentences him to eight months in jail and to pay a fine of $100.''

The clerk failed to enter the judgment and sentence of the court and no commitment was issued. The sheriff of the county confined the defendant in the county jail. The failure to enter the judgment and to make out the commitment on the part of the clerk seems to have been an oversight, as well as the imprisonment of the petitioner in the absence of the commitment.

On December 23, 1925, the petitioner filed in this court this application for a writ of *habeas corpus,* alleging that the respondent, the sheriff of Cass county, and *ex officio* jailer of that county, was holding the petitioner unlawfully. The amended return of the sheriff filed on January 11, 1926, does not seek to justify the imprisonment of the petitioner prior to the 6th day of January, 1926. But on that day, upon a motion being filed by the prosecuting attorney, the circuit court made an entry *nunc pro tunc.* The finding and the entry of the court read as follows:

''The court finds that counsel was notified by the prosecuting attorney the day before yesterday that this motion would be filed, and notified by the court that it would be taken up on this day to which day also was continued the hearing of motion for new trial in the other case against defendant, No. 20209.

''The court further finds that the writ of *habeas corpus* as issued to the sheriff in this cause is necessarily based upon entries and records heretofore made in this cause, and that this motion for judgment *nunc pro tunc* has no connection with nor in any way interferes with said writ of *habeas corpus* or hearing thereon.

''The court finds that this defendant personally appeared before this court and was actually sentenced as it appears by the records in the judge's docket October 31, 1925, but that entry of such sentence was omitted by clerk in the formal record of this court. The court finds that it is his duty, under the statute, to see that the records of the court are properly kept and that it is his duty under the law to see that the actual sentence imposed by the court is recorded in the formal record books of the court. The court finds that this duty in no way conflicts with the question raised by *habeas corpus* in the Court of Appeals. The court therefore sustains the motion of judgment *nunc pro tunc* and now orders and directs the clerk to enter the following judgment in this cause:

"October 31, 1925, Defendant appears in open court and the court finds defendant guilty of possessing intoxicating liquor as charged in the information. It is therefore considered and adjudged by the court that defendant be imprisoned in the county jail of this county for a period of eight months and pay a fine of one hundred dollars, and costs of this prosecution taxed at $28.75 and that he stand committed until the said fine and costs be paid and jail sentence be served, or be otherwise discharged according to law."

. . . . .

"Court finds as per written order herein filed and sustains motion for judgment *nunc pro tunc* as prayed. Sheriff is directed to take defendant under such judgment and sentence upon commitment which clerk is now directed to issue. Court informs sheriff that these proceedings in no way conflict or set aside any writ from Court of Appeals or any judge thereof, and that he should comply with such writ by having defendant before said Court of Appeals on day directed by said court."

Upon the entry *nunc pro tunc* a commitment was issued and the sheriff justifies his holding of the prisoner by virtue of this commitment and also by virtue of another commitment in another case issued on the 6th day of January, 1926, by the circuit court of Harrison county, upon a judgment and sentence adjudging defendant guilty of making corn whiskey and sentencing him to two years in the penitentiary.

Of course, defendant being in the custody of the sheriff under this last-mentioned commitment, would not be entitled to his discharge from custody of respondent in any event, but assuming that he has the right to this proceeding to have the legality of his detention under the former charge inquired into, we take up the points relied upon by the petitioner in reference to this detention under the charge of possessing intoxicating liquor. At the outset, it may be admitted that there was no authority for the imprisonment of the petitioner at the time the writ of *habeas corpus* was issued, but this does not justify this court in discharging him if the amended return shows there was sufficient ground for his detention. [In re Dye, 32 Mont. 132; Stanfeal v. The State, 78 Ohio St. 24.]

The petitioner insists that there had never been a valid judgment and sentence and, therefore, the court had no right to make the *nunc pro tunc* entry and could not enter a judgment attempting to meet the situation after the writ of *habeas corpus* was issued. If there was no judgment entry on October 31st, then, unquestionably, the petitioner's claim is well taken. [Ex parte Cornwall, 223 Mo. 259, 272.] But we think there is no doubt but that the minutes by the judge on October 31st, show that a judgment was entered in this cause.

"  . . . the rendition of the judgment is the judicial act upon. which the execution rests, its entry upon the record is a mere ministerial act evidencing the judicial act, but not essential to its validity, or giving to the judgment any additional force or efficacy. A valid judgment rendered will support and validate an execution issued in conformity therewith, although the formal record evidence of its rendition may not have been in existence at the time the execution issued. It is sufficient if the record evidence is in existence when proof of the judgment becomes necessary." [Fontaine v. Hudson, 93 Mo. 62, 70.]

"The rendition of a judgment is the judicial act of the court in pronouncing the sentence of the law upon the facts in controversy as ascertained by the pleadings and verdict or findings, as distinguished from the entry of the judgment, which is the ministerial act of spreading it at large upon the record." [34 C. J. 44, 45.]

"It is essential to the very existence of a judgment that the sentence, order, or adjudication in question shall be that of a judicial tribunal, determining the rights of parties, in formal proceedings for that purpose, in a final and definitive manner." [33 C. J. 1064.]

The fact that the clerk failed to record the judgment or make any entry of it on the record book kept by him does not deprive the judgment of its force or validity. And "such neglect or misprision of the clerk could be rectified at a subsequent term by a *nunc pro tunc* order," based upon the minutes of the judge's docket. [Sec. 4059, R. S. 1919; State ex rel. v. Goodrich, 159 Mo. App. 422.]

"After the expiration of the term at which a judgment is rendered the court can speak only by its records and though a judgment actually was pronounced, if the act is not made the subject of any entry, either by the judge or clerk, the judgment loses its vitality from the complete lack of authentic means of support. To hold otherwise would be to say that a judgment might rest alone in the memory of the judge and to ignore the rule that a court can speak by its records alone." [State ex rel. v. Goodrich, supra, l. c. 425.]

"When a clerk omits to make an entry which was ordered to be made, or makes a different entry from that which was ordered, the court may, at a subsequent term, amend the record so as to make it conform to the truth, provided some entry either in the minutes kept by the judge or clerk, or some paper filed in the cause and sustaining them, show the facts from which the amendment can be made." [State v. Jeffors, 64 Mo. 376, 378.] [See, also, State v. Clark, 18 Mo. 432, State ex rel. v. White, 75 Mo. App. 257; 34 C. J. 74.]

We think that the judgment rendered by the court on October 31, 1925, as shown by the minutes in the judge's docket, with what is contained in the information, is sufficient upon which to enter a

judgment *nunc pro tunc* that cannot be attacked in this collateral proceeding. In Smith v. Kiene, 231 Mo. 215, 224, the Supreme Court said:

"In Pickering v. Templeton, 2 Mo. App. l. c. 43, quoting from Maxwell v. Stewart, 22 Wall (U. S.) 79, the court said 'To make . . . a record valid upon its face, it is only necessary for it to appear that the court had jurisdiction of the subject-matter of the action and the parties, and that a judgment had in fact been rendered. All else is form only.' "

It is suggested that the time of the commencement of the imprisonment is not shown on the minutes. That is unnecessary. The statute, Sections 4070, and 4060, Revised Statutes 1919, fixes that matter.

"When a judgment is rendered and the statute direct what it shall be, it will be presumed the judgment rendered (the record showing nothing to the contrary) included, or embraced, that which the statute directed should be a part of it, and that its omission was the fault of the clerk," and the judgment can be corrected *nunc pro tunc* to show such things. [State v. Taylor, 188 Mo. App. 271, 272; Ex parte Campbell, 197 S. W. 1058; State v. Nistendirk, 204 S. W. 1111.] Section 1946, relative to writs of *habeas corpus* proceedings is as follows:

"No person shall be entitled to the benefit of the provisions of this article for the reason that the judgment by virtue of which such person is confined was erroneous as to time or place of imprisonment; but in such cases it shall be the duty of the court or officer before whom such relief is sought to sentence such person to the proper place of confinement and for the correct length of time from and after the date of the original sentence, and to cause the officer or other person having such prisoner in charge to convey him forthwith to such designated place of imprisonment."

"The writ of *habeas corpus* is not intended for the correction of mere errors and irregularities." [Ex parte Campbell, supra, 1059; 29 C. J. 51.]

It is insisted that there was no "legal" notice given petitioner that the court would be asked to make the *nunc pro tunc* order (we assume counsel means by "legal" notice "written" notice). The facts show that counsel for petitioner had two days' oral notice that the motion to correct the judgment would be taken up and that the petitioner through his counsel was in court in the felony case at the time the order correcting the judgment was made but refused to participate in that proceeding. The entry of October 31st shown on the judge's docket, is open to but one interpretation as to what was done and, under the circumstances, there was no necessity for any notice whatever, and, therefore, there is nothing in petitioner's contention in this regard. [Collier v. Lead Co., 208 Mo. 246.] We

have no doubt but that the court had authority to correct or supply the record *nunc pro tunc* even after this court issued its writ of *habeas corpus.* [See State v. Collins, 225 Mo. 633.]

From what we have said the petitioner is not unlawfully deprived of his liberty in relation to the charge of possessing intoxicating liquor and he is, therefore, remanded to the custody of the respondent, the sheriff. *Arnold, J.,* concurs; *Trimble, P. J.,* absent.

