EX PARTE GEORGE H. REED.

No. 19107. Delivered May 12, 1937.

The opinion states the case.

Wade & Wade and L. D. Stroud, all of Beeville, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—By way of habeas corpus appellant sought to be released from the custody of the sheriff of Bee County. He appeals from an order of the district judge remanding him.

The statement of facts is not entitled to consideration as it is in question and answer form, without a certificate on the part of the trial judge showing the necessity for such form.

It appears from the transcript that on the 22nd of April, 1937, appellant presented an application for a writ of habeas corpus to the district judge of Bee County, and that on the same date said judge issued the writ with directions that appellant be brought before him on the 23rd of April, 1937, at 1:30 p. m. On the date last mentioned the county attorney re-

quested a postponement, which was granted and the cause reset for hearing on the 24th of April, 1937, at 1:30 p. m. At the appointed time the sheriff of Bee County brought appellant before the district judge and made his return showing that he held appellant by virtue of a copy of a warrant of arrest issued by a justice of the peace of the State of Kansas, and further, by virtue of telegrams from a sheriff of said State, advising him that appellant was charged with a felony. Again, the return showed that appellant was also held by virtue of a warrant of arrest issued by a justice of the peace of Bee County on a complaint charging appellant with being a fugitive from justice from the State of Kansas, it appearing that said complaint was filed on the 24th of April, 1937.

It is seen from the foregoing statement that at the time appellant was taken into custody by the sheriff of Bee County there had been no complaint filed with the justice of the peace of Bee County charging appellant with being a fugitive from justice. Stated in another way, when appellant presented his application for a writ of habeas corpus, he was held in custody by virtue of a communication from a sheriff of the State of Kansas and not under a warrant issued on a complaint filed in Bee County charging him with being a fugitive from justice. Under the circumstances, it is appellant's contention that the filing of the complaint charging him with being a fugitive from justice and the issuance of a warrant thereon could not operate to prevent his discharge. If it should be conceded that appellant's original arrest was illegal, the opinion is expressed that he was not entitled to be discharged at the time of the hearing in the habeas corpus proceeding, as at such time he was held under a valid warrant issued upon a sufficient complaint charging him with being a fugitive from justice. We quote from Stallings v. Splain, 253 U. S., 339, 64 L. ed., 940, as follows:

"On the other hand, if the original arrest and detention had been illegal, Stallings would not be entitled to his discharge, if, before final hearing in the habeas corpus proceedings, legal cause for detaining him had arisen through the institution of removal proceedings. Where it appears that sufficient ground for detention exists, a prisoner will not be discharged for defects in the original arrest or commitment."

See, also, Ex parte Lowe, 251 S. W., 506, and Ex parte Mitts, 278 S. W., 1047.

We quote Art. 1001, C. C. P., as follows:

"When the accused is brought before the magistrate, he

466

shall hear proof, and if satisfied that the accused is charged in another State or territory with the offense named in the complaint, he shall require of him bail with sufficient security, in such amount as the magistrate deems reasonable, to appear before such magistrate at a specified time. In default of such bail, he may commit the defendant to jail to await a requisition from the Governor of the State or territory from which he fled. A properly certified transcript of an indictment against the accused is sufficient to show that he is charged with the crime alleged. One arrested under the provisions of this title shall not be committed or held to bail for a longer time than ninety days."

Being of opinion that appellant was properly remanded, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.