**LOMBARDO   v.   TOZER, Sheriff, et al.**

**No. 28957.**

St. Louis Court of Appeals.

Missouri.

Feb. 10, 1954.

Not to be reported in State Reports.

Henry G. Morris, James C. Porter, St. Louis, for petitioner.

Raymond A. Bruntrager, Asst. Circuit Atty., Harrison W. Hollie, Asst. Circuit Atty., Wm. J. Shaw, Asst. Circuit Atty., Wm. G. Sparrow, St. Louis, for respondents.

HOUSER, Commissioner.

Acting on information received from the authorities of the State of Ohio a fugitive warrant was issued out of the St. Louis Court of Criminal Correction for the apprehension of Carl Edward Lombardo as a fugitive from justice from the State of Ohio. Pursuant thereto Lombardo was arrested and committed to the City Jail of the City of St. Louis on September 14, 1953. On November 13, 1953 Lombardo filed a petition for writ of habeas corpus in this court alleging that he was being unlawfully restrained of his liberty by respondents, the Sheriff, the Warden of the City Jail and the Chief of Police of the City of St. Louis, in that he was being held in the city jail under a fugitive warrant which he alleged was void. On the same day we issued our writ of habeas corpus directed to respondents, who made a joint return, seeking to justify the restraint upon the basis of a warrant of rendition issued by the Governor of Missouri, at the request of the Governor of Ohio, and by virtue of an information filed in the Circuit Court of the City of St. Louis, wherein petitioner stood charged with robbery in the first degree. In his reply to the return petitioner admitted the issuance of the warrant of rendition and also admitted that he stood charged with robbery by information in the Circuit Court of the City of St. Louis, but alleged that he was never properly arrested under the Governor's warrant and that the request of the Governor of Ohio charged no offense and was not properly authenticated. On the issues thus joined a hearing was held before a special commissioner appointed by this court. In due course the special commissioner filed his report recommending that petitioner be remanded to the custody of respondents. Petitioner filed exceptions to the report and a hearing on the exceptions was held before the full court on January 25, 1954, at which time the cause was taken under submission. On January 28, upon the application of respondents, the submission of the cause was set aside and by leave of court respondents filed an amended return showing that on January 27 Detective Sergeant Francis Burke delivered the rendition warrant to the respondent sheriff and that petitioner was then being held in the custody of the sheriff by virtue of the warrant of rendition and by virtue of the robbery information filed in the Circuit Court of the City of St. Louis. Petitioner filed a "Reply to Respondents' Amended Return" alleging that "even though said warrant of rendition has been executed" his detention was illegal because (1) the requisition upon which the rendition warrant was based was insufficient to confer jurisdiction upon the Governor of Missouri because the copy of the indictment undertaking to charge armed robbery in Ohio omitted an element essential to the statement of a charge of the crime of armed robbery; (2) the recommitment of petitioner to jail on October 13, 1953 was illegal under §§ 548.151 and 548.171, RSMo 1949, V.A.M.S. because the Judge of the Court of Criminal Correction had no jurisdiction to recommit petitioner after his recommitment on September 22, 1953; and (3) the fugitive warrant was void because it was issued by the clerk and not by the judge. Petitioner also denied that he was being detained by virtue of any commitment, warrant or other process issued under the charge of first degree robbery pending in the local circuit court. Respondents filed a "Reply to the Return of Petitioner," consisting of a specific denial of every charge of illegality and insufficiency contained in petitioner's previous pleading. On the issues thus reframed the full court conducted a further hearing on February 5, 1954 and the cause was then resubmitted on the pleadings as amended, and upon the evi-

dence heard by the special commissioner and by the court at the hearings of January 25 and February 5, and upon the admissions of counsel in open court.

■ The analysis of the first point by the special commissioner is adopted without quotation marks as follows: It is first contended that the requisition of the demanding Governor is insufficient in that the indictment accompanying the requisition does not charge armed robbery. "Armed robbery" is defined in Page's Ohio General Code Annotated, § 12432–1, as follows:

"Whoever, while armed with a pistol, knife or other dangerous weapon, by force or violence, or by putting in fear, steals and takes from the person of another anything of value is guilty of armed robbery, * * *."

The indictment states that on or about the 27th day of July, 1953, at the County of Hamilton, State of Ohio, the accused

"in and upon one Mildred Marshall, then and there being, unlawfully and forcibly, and while armed with a dangerous weapon, to-wit, a revolver, did make an assault, and then and there certain money of the amount and of the value of One Thousand One Hundred Seventy-five and no/100 ($1,-175.00) Dollars, the personal property of the said Mildred Marshall, from the person and against the will of the said (blank space) unlawfully, by force or by violence or by putting her, the said Mildred Marshall, in fear, did steal, take and carry away, with intent then and there the personal property aforesaid unlawfully to steal, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Ohio."

It is maintained that the omission of the name of Mildred Marshall after the word "said" in the twelfth line of the above indictment makes the indictment insufficient in that it omits one of the elements of the offense; that is the taking of property "from the person and against the will." It appears, however, that the words "the said" could refer only to Mildred Marshall and that the indictment would be so understood. We are not concerned with any technical defect in the charge so long as it substantially states an offense against the laws of Ohio. Webb v. York, 8 Cir., 79 F. 616; Ex parte Graham, D.C., 216 F. 813; Pierce v. Creecy, 210 U.S. 387, 28 S.Ct. 714, 52 L.Ed. 1113; Downey v. Hale, 1 Cir., 67 F.2d 208. The test to be applied in the asylum state on the sufficiency of an indictment was exhaustively considered by the Supreme Court of the United States in Pierce v. Creecy, supra, where the court said, 210 U.S. 387 loc. cit. 401 and 402, 28 S.Ct. 718:

"There must be objections which reach deeper into the indictment than those which would be good against it in the court where it is pending. * * * The only safe rule is to abandon entirely the standard to which the indictment must conform, judged as a criminal pleading, and consider only whether it shows satisfactorily that the fugitive has been in fact, however inartificially, charged with crime in the state from which he has fled."

The contention that the indictment is insufficient is therefore without merit.

Attending now to (2), supra, it is true that the jurisdiction of the Judge of the St. Louis Court of Criminal Correction to further commit petitioner to jail under the fugitive warrant was exhausted after the expiration of the period for which he was recommitted on September 22, 1953, and that petitioner's detention under the fugitive warrant for a period of time after October 13, 1953 was illegal. Christopher v. Tozer, Mo.App., 263 S.W.2d 864. The fact, however, that petitioner's restraint was illegal for a time after October 13, 1953 does not entitle him to a discharge now, if in the meantime the illegality of the restraint in the first instance has been removed and if he is

now being imprisoned lawfully. We are concerned only with the legality of the restraint of petitioner at the time of the hearing or final decision. His rights do not depend entirely upon the legality or illegality of the original caption. Ex parte Mitts, 220 Mo.App. 825, 278 S.W. 1047; United States ex rel. Petersen v. Commissioner of Immigration, D.C.S.D.N.Y., 1 F.Supp. 735; 39 C.J.S., Habeas Corpus, § 13, p. 443. As of the time of the final hearing in this matter petitioner was, and today he is, lawfully in custody under the warrant of rendition issued by the Governor of Missouri, which was duly and properly served on petitioner by the Sheriff of the City of St. Louis on January 27, 1954.

There need be no authoritative ruling on petitioner's contention, (3), supra, that the fugitive warrant was illegal because issued by the clerk rather than by the judge, for the reason that upon the issuance and service of the rendition warrant the fugitive warrant became functus officio, and its legality or illegality became a moot question insofar as the habeas corpus proceedings are concerned.

Other questions raised in the original petition and in the reply to the original return were abandoned on the last submission under the amended pleadings and therefore are not to be decided now.

For the reasons given it is the recommendation of the Commissioner that the petitioner be remanded to the custody of respondents sheriff and warden.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the Court, and pursuant thereto Carl Edward Lombardo, alias Emile Poloquin, is remanded to the custody of respondents Martin Tozer, Sheriff, and E. E. Hensley, Warden, City Jail of the City of St. Louis.

ANDERSON, P. J., and RUDDY and BENNICK, JJ., concur.